IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2009 SEP 16 PM 12:51
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

| | |
|---|---|
| BOTTOM LINE FOOD PROCESSORS, INC. d/b/a MICHAEL ANGELO'S GOURMET FOODS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NESTLÉ USA, INC., and NESTLÉ PREPARED FOODS COMPANY<br><br>Defendants. | § § § § § § § § § § § § § § § |

CIVIL ACTION NO. A09CA681 SS

## ORIGINAL COMPLAINT

Plaintiff, Bottom Line Food Processors, Inc. d/b/a Michael Angelo's Gourmet Foods, Inc. ("Michael Angelo's" or "Plaintiff"), files its Original Complaint against Defendants, Nestlé USA, Inc. and Nestlé Prepared Foods Company ("Defendants"), and would respectfully show the Court the following:

### Parties

1. Michael Angelo's is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 Michael Angelo Way, Austin, Texas 78728.

2. Nestlé USA, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 800 North Brand Blvd., Glendale, California 91203. Nestlé USA, Inc. has listed CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201, as its registered agent for service of process in the State of Texas.

3. Nestlé Prepared Foods Company is a corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business at 383 Main Ave., Ste. 5, Norwalk, Connecticut 06851. Nestlé Prepared Foods Company has listed CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201, as its registered agent for service of process in the State of Texas.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121 because this case arises under the Trademark Act of 1946, *as amended*, 15 U.S.C. § 1051 *et seq.*

5. This Court has jurisdiction over the unfair competition claim, under the provisions of 28 U.S.C. § 1338(b), because this claim is joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* This Court has supplemental jurisdiction over the claims in this Complaint which arise under the state statutory and common law of the State of Texas pursuant to 28 U.S.C. § 1367(a) since the State law claims are so related to the Federal Claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6. Venue lies properly in this judicial district and division under the terms of 28 U.S.C. § 1391(b) and (c) because Defendants are corporations subject to personal jurisdiction in this district and, thus, are deemed to reside in this district and because the claims and causes of action arose through acts Defendants committed in this district.

## Factual Allegations

7. For many years, and since long before the acts of Defendants complained of herein, Michael Angelo's has manufactured and marketed fresh frozen food products for sale in grocery

stores throughout the United States. Michael Angelo's products include, among other things, poultry and other meats, stuffed pastas, lasagnas, spaghettis, and a variety of sauces, all manufactured and sold in connection with one or more of the trademarks "MICHAEL ANGELO'S®", "THE ART OF ITALIAN CUISINE®", "GOD design", and "MAN design" Marks (collectively the "Michael Angelo's Marks"). Michael Angelo's has also carefully developed an advertising style that stresses the connection between the art of Michael Angelo and premium quality Italian food.

8.   Michael Angelo's is the owner of Federal Trademark Registration No. 1,668,677 on the Principal Register for the mark "MICHAEL ANGELO'S®" for "prepared frozen-food dinners consisting of a cheese-stuffed pasta" in Class 30. A copy of the registration is attached as Exhibit A. The Mark has been used continuously since its date of first use, which was at least as early as 1982. The registration is valid and subsisting, uncancelled and unrevoked. The registration has become incontestable under 15 U.S.C. § 1065.

9.   Michael Angelo's is the owner of Federal Trademark Registration No. 1,673,054 on the Principal Register for the mark "MICHAEL ANGELO'S®" for "fresh frozen pasta, dry pasta and fruit flavored ices" in Class 30. A copy of the registration is attached as Exhibit B. The Mark has been used continuously since its date of first use, which was at least as early as 1991. The registration is valid and subsisting, uncancelled and unrevoked. The registration has become incontestable under 15 U.S.C. § 1065.

10.   Michael Angelo's is the owner of Federal Trademark Registration No. 2,692,831 on the Principal Register for the mark "MICHAEL ANGELO'S®" for "pre-prepared and dehydrated sauces" in Class 30. A copy of the registration is attached as Exhibit C. The Mark has been used continuously since its date of first use, which was at least as early as 2000. The registration is valid

and subsisting, uncancelled and unrevoked. The registration has become incontestable under 15 U.S.C. § 1065.

11. Michael Angelo's is the owner of Federal Trademark Registration No. 2,956,659 on the Principal Register for the mark "MICHAEL ANGELO'S®" for "food products, namely, refrigerated pastas, pasta salads, pre-prepared pastas, pre-prepared refrigerated pastas, and salads consisting primarily of pasta" in Class 30. A copy of the registration is attached as Exhibit D. The Mark has been used continuously since its date of first use, which was at least as early as 2003. The registration is valid and subsisting, uncancelled and unrevoked.

12. Michael Angelo's is the owner of Federal Trademark Registration No. 2,519,760 on the Principal Register for the mark "THE ART OF ITALIAN CUISINE®", for "prepared frozen foods primarily consisting of poultry and meats" in Class 29 and "prepared frozen foods; namely, pastas, cheese-stuffed pastas, lasagnas, spaghettis, noodles, rices, fresh frozen pastas, dry pasta, tomato sauce, pizza sauce, and spaghetti sauce" in Class 30. The Mark has been used continuously since its date of first use, which was at least as early as 1982. A copy of the registration is attached as Exhibit E. The registration is valid and subsisting, uncancelled and unrevoked. The registration has become incontestable under 15 U.S.C. § 1065.

13. Michael Angelo's is the owner of Federal Trademark Registration No. 3,195,921 on the Principal Register for the mark "GOD design"(shown below):



for "prepared frozen foods, namely, pasta, cheese-stuffed pasta, lasagna, spaghetti, noodles, rice, fresh frozen pasta, dry pasta, fruit flavored ice, tomato sauce, pizza sauce, spaghetti sauce, and pre-prepared dessert, namely, pastries" in Class 30. The Mark has been used continuously since its date of first use, which was at least as early as 1981. A copy of the registration is attached as Exhibit F. The registration is valid and subsisting, uncancelled and unrevoked.

14. Michael Angelo's is the owner of Federal Trademark Registration No. 3,195,920 on the Principal Register for the mark "GOD design", for "prepared frozen foods, namely, poultry, meats and cooked vegetables" in Class 29. The Mark has been used continuously since its date of first use, which was at least as early as 1981. A copy of the registration is attached as Exhibit G. The registration is valid and subsisting, uncancelled and unrevoked.

15. Michael Angelo's is the owner of Federal Trademark Registration No. 3,200,707 on the Principal Register for the mark "MAN design" (shown below):



for "prepared frozen foods, namely, pasta, cheese-stuffed pasta, lasagna, spaghetti, noodles, rice, fresh frozen pasta, dry pasta, fruit flavored ice, tomato sauce, pizza sauce, spaghetti sauce, and pre-prepared dessert, namely, pastries" in Class 30. The Mark has been used continuously since its date of first use, which was at least as early as 1981. A copy of the registration is attached as Exhibit H. The registration is valid and subsisting, uncancelled and unrevoked.

16. Michael Angelo's is the owner of Federal Trademark Registration No. 3,306,554 on the Principal Register for the mark "MAN design", for "prepared frozen foods, namely, poultry,

meats and cooked vegetables" in Class 29. The Mark has been used continuously since its date of first use, which was at least as early as 1981. A copy of the registration is attached as Exhibit I. The registration is valid and subsisting, uncancelled and unrevoked.

17. Prior to the acts of Defendants complained of herein, Michael Angelo's expended a substantial amount of money, energy, time and effort in continuously advertising and promoting the Michael Angelo's Marks in connection with its products. The Michael Angelo's products sold under the Michael Angelo's Marks are of consistent premium quality and have become successful in the industry. Michael Angelo's continues to advertise and promote its products to the trade and the public. Millions of products have been sold throughout Texas and the United States under the Michael Angelo's Marks by Michael Angelo's or under its surveillance and control.

18. As a result of the care and skill exercised by Michael Angelo's in the conduct of its business, by extensive advertising, and through the continuous marketing of goods under in the prepared food industry, Michael Angelo's has acquired a reputation for high quality.

19. These efforts have also resulted in Michael Angelo's being identified in the marketplace as the exclusive source of products bearing the Michael Angelo's Marks. The Michael Angelo's Marks have acquired wide notoriety and symbolize the goodwill which Michael Angelo's has created by the sale of high quality goods. Consequently, the Michael Angelo's Marks have acquired extensive secondary meaning and constitute valuable assets of Michael Angelo's. Growth and continuation of Michael Angelo's business depends in part upon the unique and distinctive nature of the Michael Angelo's Marks and on the reputation and goodwill symbolized thereby.

20. Defendants are competitors of Michael Angelo's in the prepared food industry, especially with respect to pastas, stuffed pastas, and sauces. Upon information and belief, Defendants sell and market their products continuously and systematically in this judicial district and throughout the United States and Texas.

21. Defendants have adopted the mark "THE ITALIAN ART OF FOOD" (the "Infringing Mark") and use it in commerce in connection with the sale, offer for sale, distribution, and advertising of food products, including, but not limited to, pastas, stuffed pastas, cheeses and sauces ("Defendants Products").

22. Defendants have also adopted an advertising campaign including artwork which includes or is highly reminiscent of the artwork of Michael Angelo including artwork confusingly similar to one or more of the Michael Angelo's Marks ("Infringing Advertising"). The Infringing Advertising evokes the same commercial impression as one or more of the Michael Angelo's Marks.

23. At no time has Michael Angelo's authorized or approved Defendants' sale, offer for sale, distribution, or advertising of products under the Infringing Mark or the Infringing Advertising. Michael Angelo's has notified Defendants that their actions constitute trademark infringement and unfair competition. Yet, Defendants have continued to sell products under the Infringing Mark and the Infringing Advertising.

## Count I
### Federal Trademark Infringement
*(15 U.S.C. § 1114(1))*

24. Michael Angelo's repeats and realleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. Michael Angelo's is the owner of a Federal trademark registration on the Principal Register in the United States Patent and Trademark Office for the trademark THE ART OF ITALIAN CUISINE®.

26. The Federal trademark registration for the mark is valid and subsisting, uncanceled and unrevoked. The registration has attained the status of incontestability under 15 U.S.C. § 1065, thus serving as conclusive evidence of the validity of the mark, Michael Angelo's ownership of the mark and Michael Angelo's exclusive right to use the mark in commerce under 15 U.S.C. § 1115.

27. Defendants have infringed the THE ART OF ITALIAN CUISINE® trademark in violation of 15 U.S.C. § 1114(1)(a), by conducting various acts without the consent of Michael Angelo's, including use in commerce of a reproduction, counterfeit, copy or colorable imitation of the THE ART OF ITALIAN CUISINE® trademark and selling, offering for sale, distributing and advertising goods under the THE ITALIAN ART OF FOOD trademark which are likely to cause confusion, or to cause mistake or to deceive consumers in the prepared Italian food industry.

28. Defendants have also infringed the THE ART OF ITALIAN CUISINE® trademark in violation of 15 U.S.C. § 1114(1)(b), by conducting various acts without the consent of Michael Angelo's, including using a reproduction, copy or colorable imitation of the THE ART OF ITALIAN CUISINE® trademark on labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods in a manner likely to cause confusion, to cause mistake, or to deceive consumers in the prepared Italian food industry.

29. Defendants' acts of trademark infringement are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to Michael Angelo's and its property rights in the THE ART OF ITALIAN CUISINE® trademark, and to cause confusion, mistake and deception.

30. Unless Defendants are restrained from the acts complained of, Michael Angelo's will suffer irreparable harm for which Michael Angelo's has no adequate remedy at law.

## Count II
## False Designation of Origin
## (15 U.S.C. § 1125(a))

31. Michael Angelo's repeats and realleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

32. For many years, and since long prior to the acts of the Defendants Michael Angelo's has continuously marketed and sold products in the prepared Italian food industry under the Michael Angelo's Marks.

33. Since long prior to the acts of Defendants, Michael Angelo's has expended a substantial amount of money in continuously advertising and promoting the Michael Angelo's Marks in connection with its products. Michael Angelo's continues to advertise and promote its products to the trade and to the public under the Michael Angelo's Marks.

34. Since long prior to the acts of Defendants, Michael Angelo's has acquired a fine reputation because of its uniformly high quality goods sold under the Michael Angelo's Marks and because of its extensive advertising and sales. As a result, Michael Angelo's goods associated with the Michael Angelo's Marks have been and are now recognized by the public and the trade as originating from a single source, namely, Michael Angelo's.

35. Because of the inherent distinctiveness of the Michael Angelo's Marks and/or because the marks have acquired a secondary significance in the prepared Italian food industry, the Michael Angelo's Marks have come to indicate a single source, namely Michael Angelo's, for goods offered by Michael Angelo's or under its surveillance and authority.

36. Defendants' acts are in violation of 15 U.S.C. § 1125(a)(1)(A) because Defendants have used one or more marks in commerce on their goods, which constitute a false and misleading description of fact and a false or misleading representation of fact and which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Michael Angelo's, or as to the origin, sponsorship or approval of Defendants' goods.

37. Defendants' acts are in violation of 15 U.S.C. § 1125(a)(1)(B) because Defendants have used, in connection with goods or services, in commerce, words, terms, names, symbols and devices and combinations thereof and false, misleading descriptions of fact in commercial advertising and promotions which misrepresent the nature, characteristics, and qualities of Defendants' goods and or commercial activities.

38. Defendants' acts of false designation of origin are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to Michael Angelo's and its property rights in the Michael Angelo's Marks, and to cause confusion, mistake and deception.

39. Unless Defendants are restrained from the acts complained of, Michael Angelo's will suffer irreparable harm, for which Michael Angelo's has no adequate remedy at law.

## Count III
### Injury to Business Reputation and Dilution
*(Tex. Bus. & Com. Code Ann. § 16.29)*

40. Michael Angelo's repeats and realleges the allegations in Paragraphs 1 through 39 as if fully set forth herein.

41. Beginning at least as early as 1991, Michael Angelo's adopted and used the Michael Angelo's Marks on and in association with its goods. The Michael Angelo's Marks have been used by Michael Angelo's or those under its supervision and authority continuously since the respective first use date of each trademark.

42. The Michael Angelo's Marks are each inherently distinctive of its goods and/or have acquired distinctiveness. The Michael Angelo's Marks have been registered on the Principal Register of the United States Patent and Trademark Office. Each of the registrations is valid and is in full force. Many of the registrations have become incontestable.

43. Defendants are using a trademark and advertising program in commerce that are likely to cause dilution of the distinctive quality of one or more of the Michael Angelo's Marks. Specifically, the use of the Infringing Trademark and use of the Infringing Advertising are likely to create confusion and induce consumers into believing that the goods offered by Defendants are actually those of Michael Angelo's or somehow associated with it. Moreover, the distinctive quality of the Michael Angelo's Marks will be blurred and tarnished through the actions of Defendants. Accordingly, the Defendants' conduct violates the Texas Trademark Act.

44. Defendants' violations of the Texas Trademark Act are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to Michael Angelo's and its property rights in the Michael Angelo's Marks, and to cause confusion, mistake and deception.

45. Unless Defendants are restrained from the acts complained of, Michael Angelo's will suffer irreparable harm, for which Michael Angelo's has no adequate remedy at law.

**Count IV**
**Unfair Competition**
*(Texas Common Law)*

46. Michael Angelo's repeats and realleges the allegations in Paragraphs 1 through 45 as if fully set forth herein.

47. The acts of Defendants constitute unfair competition and trademark infringement under the laws of the State of Texas. Michael Angelo's has adopted and used the one or more of the Michael Angelo's Marks for use on and in connection with its goods since at least as early as 1991 and has used the trademarks continuously since their respective dates of first use. The Michael Angelo's Marks identify Michael Angelo's as a sole source of goods offered by Michael Angelo's and distinguishes those goods from many others.

48. As a result of the care and skill exercised by Michael Angelo's in the conduct of its business and particularly in the maintenance of high quality goods, by its extensive advertising, and by the extensive and continuous marketing of goods throughout the prepared Italian food industry over many years, the goods offered under the Michael Angelo's Marks have acquired a reputation for high quality. As a result of these efforts by Michael Angelo's, consumers and the prepared Italian food industry recognize the Michael Angelo's Marks to identify Michael Angelo's exclusively as a source of high quality goods. The Michael Angelo's Marks have acquired wide notoriety and symbolize the goodwill which Michael Angelo's has created by the sale of dependable and high quality goods. Consequently, the Michael Angelo's Marks constitute a valuable asset of Michael Angelo's.

49. Subsequent to the adoption and use of the Michael Angelo's Marks by Michael Angelo's, Defendants began infringing the Michael Angelo's Marks by advertising and selling goods under a trademark and an advertising program that is confusingly similar to and creates the same commercial impression as one or more of the Michael Angelo's Marks throughout this judicial district and the United States. Such conduct represents unfair competition and misappropriation and is designed to cause confusion and mistake and to deceive purchasers into believing that Defendants' goods are somehow sponsored by, made by or associated with Michael Angelo's.

50. On information and belief, Defendants have attempted to and have passed off on the public goods of Defendants as those of Michael Angelo's.

51. Defendants' acts of false designation of origin and misappropriation are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to Michael Angelo's and its property rights in the Michael Angelo's Marks, and to cause confusion, mistake and deception.

52. Unless Defendants are restrained from the acts complained of, Michael Angelo's will suffer irreparable harm, for which Michael Angelo's has no adequate remedy at law.

## Allegations Of Damage

53. Michael Angelo's repeats and realleges the allegations in Paragraphs 1 through 52 as if fully set forth herein.

54. Because of Defendants' acts alleged herein, Michael Angelo's has suffered and will continue to suffer damage to its business, reputation and goodwill and to endure a loss of sales and profits.

55. Because of Defendants' acts alleged herein, Defendants will be unjustly enriched by profits they have made through the sale of goods utilizing one or more trademarks that are confusingly similar to one or more of the Michael Angelo's Marks.

56. Defendants' acts of infringement, unfair competition, dilution and adoption and use of one or more confusingly similar trademarks were and are willful and deliberate.

57. Unless Defendants are enjoined from the acts complained of herein, Michael Angelo's will suffer irreparable harm, for which Michael Angelo's has no adequate remedy at law.

### Demand For Jury Trial

58. Pursuant to Rule 38(b), Fed. R. Civ. P., Michael Angelo's demands a jury trial.

### Prayer

WHEREFORE, Michael Angelo's respectfully requests:

59. That Defendants, their officers, agents, servants, employees, attorneys, confederates and all persons in active concert or participation with them, be enjoined immediately and preliminarily during the pendency of this action, and thereafter perpetually from:

    A. Using the Michael Angelo's Marks, or any reproduction, counterfeit, copy or colorable imitation of said marks in connection with the advertising, offering for sale, or sale of goods or services the same or similar to those offered by Michael Angelo's;

    B. Using the Michael Angelo's Marks, or any reproduction, counterfeit, copy or colorable imitation of said marks in any manner likely to cause confusion, to cause mistake or to deceive;

    C. Selling or passing off, inducing, or enabling others to sell or pass of any

goods used in the prepared Italian food industry and any other related industries or any other goods similar to those offered by Michael Angelo's;

D.  Committing any acts, including, but not limited to marketing and advertising activity, which are likely to cause injury to Michael Angelo's business reputation and/or blur or tarnish the distinctiveness of any of the Michael Angelo's Marks;

E.  Committing any acts, including, but not limited to marketing and advertising activities, which are calculated to cause purchasers to believe that Defendants' goods are Michael Angelo's goods in whole or in part unless they are entirely such;

F.  Otherwise competing unfairly with Michael Angelo's in any manner, including, but not limited to, infringing usage of the Michael Angelo's Marks;

G.  Destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the providing, advertising, sale or offer for sale of any goods or services bearing the Michael Angelo's Marks or any other trademark which is confusingly similar to the Michael Angelo's Marks;

60.  That after final hearing Defendants be required to deliver up for destruction or, alternatively, to obliterate all infringing marks on their entire inventory of infringing items, including but not limited to signs, labels, packaging, advertisements, video and audio recordings, literature, correspondence, invoices, catalogs, molds, matrices and an electronic advertising of

any kind and any other material in their possession bearing any of the Michael Angelo's Marks or any other mark confusingly similar thereto;

61.  That for the next five years, upon ten (10) days notice, Michael Angelo's be permitted to inspect and audit Defendants' inventory and all business records to determine compliance with the Order issued by the Court;

62.  That Defendants be ordered to account and pay over to Michael Angelo's all damages sustained by Michael Angelo's and profits realized by Defendants by reason of Defendants' unlawful acts alleged herein, that such profits be fully trebled as provided by law because of the willfulness of Defendants' acts;

63.  That Michael Angelo's be awarded punitive damages in the amount of Five Million Dollars ($5,000,000.00) against Defendants;

64.  That Michael Angelo's be awarded prejudgment and post-judgment interest;

65.  That Michael Angelo's be awarded its costs and reasonable attorney's fees; and

66.  That Michael Angelo's have such other and further relief as the Court deems just and proper.

Dated: September 16, 2009

Respectfully submitted,

*/s/ George R. Schultz*

George R. Schultz
Texas State Bar No. 17837500
russ.schultz@grspc.com
Nicole R. Marsh
Texas State Bar No. 24044653
nmarsh@grspc.com

SCHULTZ & ASSOCIATES, P.C.
5400 LBJ Freeway
Suite 1200
Dallas, Texas 75240
(214) 210-5940 telephone
(214) 210-5941 facsimile

ATTORNEYS FOR PLAINTIFF
BOTTOM LINE FOOD PROCESSORS,
INC. d/b/a MICHAEL ANGELO'S
GOURMET FOODS, INC.